UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THEQUANTUMGROUP, LLC,<br>c/o William Hartung, its Statutory Agent<br>8720 Ferguson Road<br>Streetsboro, Ohio 44241,<br><br>           Plaintiff,<br><br>  -vs.-<br><br>HALCYON HEMPWORKS LLC<br>c/o Northwest Registered Agent LLC,<br>its Statutory Agent<br>Virginia Beach, Virginia 23462-3262<br><br>           and<br><br>JAMES HOLLAND<br>1497 Wisteria Drive<br>Ann Arbor, Michigan 48014,<br><br>           and<br><br>DANIEL LEE<br>Unknown Address,<br><br>           and<br><br>KATHRYN PURMAL, also known as<br>Kate Purmal<br>342 Palisades Drive<br>Santa Barbara, California 93109,<br><br>           and<br><br>JOHN DOES 1-10, JANE DOES 1-10,<br>DOE PARTNERSHIPS 1-10, DOE<br>CORPORATIONS 1-10, DOE<br>GOVERNMENTAL AGENCIES 1-10 and<br>DOE ENTITIES 1-10, | Case No. _____<br><br>Judge: _____<br><br><u>COMPLAINT</u>:<br><br>1.    Breach of Contract; Reliance Damages; Expectation Interest<br><br>2.    Fraudulent Misrepresentation<br><br>3.    Tortious Interference with Contract<br><br>4.    Piercing the Corporate Veil<br><br><u>EXHIBITS 1 – 2</u><br><br><u>JURY DEMAND ENDORSED HEREON</u> |



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-1-

      Defendants.   )
               )
_____)

  Now comes, THEQUANTUMGROUP, LLC, by and through its attorneys, Robert C. Meeker and Ben T. Manayan, Jr., of Blakemore, Meeker & Bowler Co., L.P.A., and hereby complains against HALCYON HEMPWORKS, LLC, JAMES HOLLAND, DANIEL LEE, KATHRYN PURMAL, also known as Kate Purmal, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL AGENCIES 1-10 and DOE ENTITIES 1-10, Defendants herein, as follows:

A.  PARTIES

  1.  During all relevant times herein, Plaintiff THEQUANTUMGROUP, LLC ("Quantum") was, and is, a limited liability company organized under the laws of the State of Ohio, whose address was 100 North Main Street, Suite 309, Chagrin Falls, Ohio 44022.

  2.  During all relevant times herein, Defendant HALCYON HEMPWORKS, LLC ("Halcyon"), was a limited liability company organized under the laws of the State of Michigan, whose address was located at 1497 Wisteria Drive, Ann Arbor, Michigan 48014.

  3.  Upon information or belief, Defendant JAMES HOLLAND ("Holland") was residing in the State of Michigan, whose last known is 1497 Wisteria Drive, Ann Arbor, Michigan 48014.

  4.  Upon information or belief, Defendant DANIEL LEE ("Lee") was, or is, residing in Montgomery County, Commonwealth of Pennsylvania.

  5.  Upon information or belief, Defendant KATHRYN PURMAL ("Purmal"), also known as Kate Purmal, was a lecturer at the University Michigan, whose current address is located at 342 Palisades Drive, Santa Barbara, California 93109.


BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

6. During all relevant times herein, Defendant Does were, and are, individuals, persons, corporations, partnerships, governmental agencies and entities whose names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiff(s), or his/her/its/their attorney(s), and could not discover said names who in some manner may be liable to Plaintiff(s), contractually, vicariously, tortiously, jointly and/or severally, arising from the events described herein. Plaintiff(s) will be obtaining updated reports, as to identity, liability, existence of additional claims and/or causes of action or otherwise, in connection with or in addition to the claim or claims herein. Plaintiff(s) reserve(s) the right to plead Defendant Does as party defendant(s) and/or plead additional claim(s) to this action once their identities, capacities, activities, liabilities and claims or causes of action become known.

B. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction, pursuant to 28 U.S.C. §1332(a)(1). Further, this Court has supplement jurisdiction over the state causes of action asserted herein.

8. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b)(2) or, in the alternative, 28 U.S.C. §1391(b)(3).

C. PRELIMINARY STATEMENT

9. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

10. During all relevant times herein, a substantial portion of the transactions and occurrences herein took place in Portage County, Ohio.

11. During all relevant times herein, Quantum was, and is, in the business of, among others, consulting with start-up companies to assist said companies to raise capital for their business


BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

ventures.

12. Upon information or belief, Defendants Holland and Lee desired to form a business to process and produce industrial hemp.

13. Upon information or belief, Defendant Holland, and/or Morgan Noble, formed Halcyon HempWorks LLC ("Michigan Halcyon") in the State of Michigan, Registration No. 802774816, having an organization date of December 7, 2021.

14. Subsequently, upon information or belief, Defendants Holland and Lee formed a limited liability company of the same name, Halcyon HempWorks LLC ("Virginia Halcyon") in the State of Virginia, Registration No. 11340780, having a formation date of February 4, 2022.

15. Upon information or belief, Michigan Halcyon and Virginia Halcyon, collectively as Halcyon, were start-up companies formed by Defendants Holland and Lee to achieve their intended goal to process and produce industrial hemp.

16. During all relevant times herein, Halcyon sought Plaintiff's assistance to raise capital intended for its business in the hemp industry.

17. On or about February 14, 2022, following a review by Defendants Virginia Halcyon, Holland and Lees's legal counsel, Defendant Holland, for and on behalf of Virginia Halcyon, entered into a Professional Services Agreement ("PSA") with Plaintiff to raise capital for Virginia Halcyon's start-up business. (See copy of Professional Services Agreement, dated February 14, 2022, attached as Exhibit 1)

18. On or about June 16, 2022, Defendant Holland, for and on behalf of Michigan Halcyon and Virginia Halcyon, and as their Founder and President, filed a Certificate of Merger, merging Michigan Halcyon and Virginia Halcyon, with Virginia Halcyon as the surviving entity.



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

19. On information or belief, on or about June 24, 2022, Defendant Holland, for and on behalf of Virginia Halcyon, applied for, and was granted, a Certificate of Authority to Transact Business in Michigan, as a Foreign Limited Liability Company.

20. On or about December 22, 2023, Defendant Holland, for and behalf of Defendant Halcyon, filed Defendant Halcyon's Articles of Cancellation. Pursuant to the Articles of Cancellation, Halcyon "has completed the winding up of its affairs."

21. On or about January 2, 2024, Defendant Holland, for and on behalf of Halcyon, applied for, and was granted, a Certificate of Withdrawal doing business in the State of Michigan.

22. The PSA consists of, among others, Addendum A, Addendum B and Addendum C.

23. Under the PSA, the professional services were to be rendered in accordance with the Addenda.

24. Pursuant to Addendum A of the PSA, upon payment of a non-refundable fee of $35,000.00, Plaintiff was to prepare a Preliminary Prospectus, which Plaintiff did and completed on May 31, 2022.

25. Addendum A provides, in part:

Quantum will serve as a consultant to Halcyon, providing the service of preparing a Preliminary Prospectus for Halcyon (the "Prospectus"). The Prospectus is intended to be used by Halcyon in support of an effort to raise capital related to Halcyon's hemp processing business startup.

Quantum and Halcyon agree that the Prospectus will be completed, and provided to Halcyon, within an estimated ninety (90) days from Quantum's receipt of the Addendum A Fee payment outlined below ("Completion"). Halcyon shall provide Quantum information necessary for proper completion of the Prospectus in a timely manner.

* * *

Quantum and Halcyon agree that Quantum is being exclusively engaged for the services outlined above.


BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-5-

Quantum does not guarantee funding as a result of its preparation of the Prospectus.

26. On May 31, 2022, Plaintiff successfully delivered, and Halcyon accepted without exception, the Preliminary Prospectus.

27. Pursuant to Addendum B of the PSA, upon completion of Addendum A and payment of a non-refundable fee of $25,000.00, Plaintiff was to prepare a Private Placement Memorandum.

28. Addendum B provides, in part:

Upon completion of the Preliminary Prospectus provided for in Addendum A of the Agreement, Quantum will serve as a consultant to Halcyon providing the service of preparing a Private Placement Memorandum for Halcyon (the "Service"). The Private Placement Memorandum ("PPM") is intended to be used in support of an effort by Halcyon to raise capital related to Halcyon's hemp processing business startup.

Quantum and Halcyon agree that the PPM will be completed and provided to Halcyon within an estimated sixty (60) days from Quantum's receipt of the Addendum B Fee payment outlined below ("Completion").

* * *

Quantum and Halcyon agree that Quantum is being exclusively engaged for the services outlined above.

Halcyon will provide Quantum all documents and information necessary to assist Quantum in developing the PPM in a timely manner.

Quantum does not guarantee funding as a result of its preparation of the PPM.

29. On June 27, 2022, Plaintiff successfully delivered, and Halcyon accepted without exception, the Private Placement Memorandum.

30. Pursuant to Addendum C of the PSA, upon completion of Addendum B and payment of a non-refundable retainer fee of $40,000.00, Plaintiff was to provide consulting services in coordinating the capital raise, at a targeted amount of $30,000,000.00. Further, under Addendum C, Plaintiff would be entitled to 7% of the capital raised as a consulting fee.



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

31. Addendum C provides, in part:

Upon completion of the Private Placement Memorandum provided for in Addendum B of the Agreement, Quantum will serve as a consultant to Halcyon providing the consulting service of representing Halcyon in regard to coordinating a capital raise for Halcyon's hemp processing business startup (the "Consulting Service"). The Consulting Service will include coordination and process management concerning funding sources including, but not limited to, note funding, bond funding, lender financing, and equity funding, and coordinating related underwriters and brokers-dealers. The total amount of funds targeted to be raised and available to Halcyon for its use related to the Consulting Service is thirty million and 00/100 dollars ($30,000,000.00) (the "Capital Raise").

Quantum and Halcyon agree that the Capital Raise effort will be completed, defined as Halcyon having the Capital Raise funds available for its use, within an estimated nine (9) months from Quantum's receipt of the Addendum C Fee payment outlined below ("Completion").

Quantum and Halcyon agree that Quantum is being exclusively engaged for the services outlined above through Completion.

Halcyon will provide Quantum all documents and information necessary to assist Quantum in providing the Consulting Service in a timely manner.

Quantum does not guarantee funding as a result of the Consulting Service.

32. After receiving the retainer fee, Plaintiff advised Defendants Halcyon, Holland and Lee of tasks they were required to perform as part of the capital raise. Said tasks included, but were not limited to, the following:

    a. Provide a location where the hemp processing and production will take place.

    b. Identify the equipment that will be used for processing and production.

    c. Provide a structure on feedstock, which includes:

        i. the source of the seeds.

        ii. identity of the farmer(s) who will farm the hemp plants.

        iii. the harvesting procedure.

        iv. transportation of the product and other materials.



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-7-

v. storage of seeds, processed hemp and other materials required for production. Such information was required be part of the final documents to be assembled before they were to be disseminated to licensed brokers, dealers and underwriters for the capital raise.

33. At no time did Defendants Halcyon, Holland and Lee provide Plaintiff with the necessary information. Plaintiff requested the information numerous times during the period in question.

34. After repeated requests, Defendants Halcyon, Holland and Lee continued to fail or refuse to provide Plaintiff with the requested information.

35. On or about August 2, 2023, Plaintiff provided Defendants Halcyon, Holland and Lee a Notice of Breach, in which said Defendants were provided an opportunity to cure said breach. (See Notice of Breach, attached as Exhibit 2)

36. Defendants Halcyon, Holland and Lee failed, refused or ignored to cure the breach.

D. CAUSES OF ACTION

### COUNT ONE
### [Breach of Contract]

37. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

38. Plaintiff and Defendant Halcyon entered into a valid and enforceable professional services agreement, the PSA, supported by valuable consideration, for Plaintiff to raise capital for Defendant Halcyon, exclusively, to fund its business objectives.

39. In order to continue with the capital raise, Defendants Halcyon, Holland and Lee were required to provide Plaintiff with information, regarding, but not limited to, the location, equipment and feedstock.



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-8-

40. After repeated requests to do so, Defendants Halcyon, Holland and Lee failed, refused or ignored to provide the information.

41. Defendants Halcyon, Holland and Lee clandestinely conducted capital raise efforts on their own, in clear violation of Plaintiff's exclusive right to do so under the Professional Services Agreement. Among other things, they provided false and misleading information to the market that tainted the market for capital raise purposes, and solicited funds that were not consistent with the capital raise plan.

42. After being provided with the notice of breach and opportunity to cure, Defendants Halcyon, Holland and Lee failed, refused or ignored to provide the information or cure the breach.

43. Under the PSA, Plaintiff was expected to raise a target amount of $30,000,000.00.

44. Because of Defendants Halcyon, Holland and Lee's breach, Plaintiff was unable to to achieve its intended goal under the PSA, including receiving the amount of $2,100,000.00 that represents 7% of $30,000,000.00 as consulting fee.

45. As a result of Defendants Halcyon, Holland and Lee's breach, Plaintiff suffered, and continues to suffer, its expectancy damages, in excess of $2,100,000.00, the true amount of which shall be proven in court.

## COUNT TWO
### [Fraudulent Misrepresentation]

46. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

47. During all relevant times herein, Plaintiff requested numerous times from Defendants Halcyon, Holland and Lee information regarding location, equipment and feedstock for hemp processing and production. By way of example, Plaintiff requested such information on the



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

-9-

following dates: April 8, 2022, June 17, 2022, July 15, 2022, September 23, 2022, November 4, 2022 and January 5, 2023.

48. Defendants Halcyon, Holland and Lee promised and assured Plaintiff that the information will be provided. By way of example, Defendants Halcyon, Holland and Lee promised Plaintiff on the following dates that the information will be provided:

a. on July 15, 2022.

b. on September 23, 2022.

c. on November 4, 2022.

49. As of January 12, 2023 Defendants Halcyon, Holland and Lee stopped communicating with Plaintiff regarding the information. At no time did Defendants Halcyon, Holland and Lee provide the requested information to Plaintiff.

50. Such promises and assurances to provide said information were material and false with the intention to mislead and to be relied on by Plaintiff to Plaintiff's detriment, which effectively prevented Plaintiff from continuing with the capital raise.

51. As a result of Defendants Halcyon, Holland and Lee's false representations, upon which Plaintiff relied to its detriment, Plaintiff suffered, continues to suffer, its expectancy damages, in excess of $2,100,000.00, the true amount of which shall be proven in court.

## COUNT THREE
### [Tortious Interference with Contract]

52. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

53. Upon information or belief, Defendant Purmal was a lecturer at the University of Michigan.



BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

54. Upon information or belief, Defendant Holland was a student and attended classes at the University of Michigan.

55. Upon information or belief, Defendants Holland and Purmal were, and are, acquaintances while they attended and/or lectured at the University of Michigan.

56. Upon information or belief, Defendants Holland and Lee advised Defendant Purmal of their contractual relationship with Plaintiff and provided Defendant Purmal the details of the PSA.

57. According to Defendants Holland and Lee, they were advised by Defendant Purmal to challenge the established terms of the PSA and to pursue a capital raise in violation of the PSA.

58. As a result of Defendant Purmal's advice and conduct, Defendants Halcyon, Holland and Lee breached the PSA.

59. Defendant Purmal intentionally interfered with the existing, executory contract between Plaintiff and Defendants Halcyon, Holland and Lee, causing them to breach the PSA.

60. As a further result of Defendant Purmal's advice and conduct, Plaintiff suffered, and continues to suffer, damages in excess of $2,100,000.00, the true amount of which shall be proven in court.

## COUNT FOUR
### [Piercing the Corporate Veil]

61. Plaintiff(s) repeat(s) and re-aver(s) the allegations contained in the preceding paragraphs, as appropriate, as if fully set forth herein.

62. Upon information or belief, Michigan Halcyon was organized in December 2021 under the laws of the State of Michigan as a for-profit limited liability company.

63. Upon information or belief, Virginia Halcyon was organized in February 2022 under the laws of the State of Virginia as a for-profit limited liability company.



-11-

64. Upon information or belief, Defendants Holland and Lee were members, shareholder, director and/or officer, managing member of and/or held interests in Defendant Halcyon.

65. Upon information or belief, Defendants Holland and Lee controlled all operations and management of Defendant Halcyon, including, but not limited to, the management Defendant Halcyon and obtaining financing for Defendant Halcyon's commercial activities.

66. Based on Defendant Holland and Lee's total control and management, Defendant Halcyon had no independent mind and was being operated and managed by Defendants Holland and Lee as their alter ego.

67. Further, Defendants Holland and Lee, for themselves and on behalf of Defendant Halcyon, made fraudulent statements to Plaintiff in the course of Plaintiff's obligation to consult and assist Defendants Halcyon, Holland and Lee in raising the capital for Defendant Halcyon's commercial activities.

68. Upon information or belief and based on the foregoing allegations, Defendants Holland and Lee created Defendant Halcyon for the purpose of defrauding parties, including licensed brokers, dealers and underwriters and prospective investors, in their efforts to raise capital.

69. As such, Defendant Halcyon's corporate existence should be disregarded, and its corporate veil should be pierced; thus, Defendants Holland and Lee should personally/individually be liable for Plaintiff's damages and accountable for Defendant Halcyon's acts and omissions as their own acts and omissions.

WHEREFORE, Plaintiff prays for judgment against Defendants, including Defendants Halcyon, Holland, Lee and Purmal, as follows:

A. That, as to Count One, the Court grants relief and damages in favor of Plaintiff


BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

against Defendants Halcyon Holland and Lee, an amount in excess of $2,100,000.00, as to each Defendant;

B. That, as to Count Two, the Court grants relief and damages in favor of Plaintiff against Defendants Halcyon Holland and Lee, an amount in excess of $2,100,000.00, as to each Defendant;

C. That, as to Count Three, the Court grants relief and damages in favor of Plaintiff against Defendant Purmal an amount in excess of $2,100,000.00;

D. That, as to Count Four, the Court finds in favor of Plaintiff and against Defendants the following:

1. That Defendants Holland and Lee had total control and management of Defendant Halcyon.

2. That Defendant Halcyon had no independent mind and was being operated and managed by Defendants Holland and Lee as their alter ego.

3. That Defendants Holland and Lee, for themselves and on behalf of Defendant Halcyon, made fraudulent statements to Plaintiff, in the course of Plaintiff's obligation to consult and assist Defendants Halcyon, Holland and Lee in rasing the capital for Defendant Halcyon's commercial activities.

4. That Defendants Holland and Lee created Defendant Halcyon for the purpose of defrauding parties, including Plaintiff, licensed brokers, dealers and underwriters and prospective investors, in their efforts to raise capital.

5. That Defendant Halcyon's corporate existence should be disregarded, and its corporate veil should be pierced.

6. That Defendants Holland and Lee should personally/individually be liable for Plaintiff's damages and accountable for Defendant Halcyon's acts and omissions as their own acts and omissions.

E. That the Court awards Plaintiff punitive damages for Defendants' fraudulent misrepresentation, intentional interference and/or malicious, intentional or willful conduct;



BLAKEMORE, MEEKER & BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131

F. That the Court finds Defendants jointly and/or severally liable to Plaintiff;

G. That the Court grants relief and damages in favor of Plaintiff against Defendants interest, court costs, expenses, other losses and reasonable attorney fees and costs;

H. That the Court grants further relief and damages as the Court deems reasonable and proper in the premises.

Dated, Akron, Ohio, May 14, 2024.

Respectfully submitted,

ROBERT C. MEEKER (#0013019)
BEN T. MANAYAN, JR. (Hi. Bar #5692)
rcmeeker@bmblaw.com
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]

Attorney for Plaintiff
THEQUANTUMGROUP, LLC



## JURY DEMAND ENDORSED HEREON

Now comes, Plaintiff, by and through its attorneys, Robert C. Meeker and Ben T. Manayan, Jr., of Blakemore, Meeker & Bowler Co., L.P.A., and hereby demands a trial by jury of all issues and fact so triable in this action.

Dated: Akron, Ohio, May 14, 2024.

Respectfully submitted,

_____
ROBERT C. MEEKER (#0013019)
BEN T. MANAYAN, JR. (Hi. Bar #5692)
rcmeeker@bmblaw.com
Blakemore, Meeker & Bowler Co., L.P.A.
495 Portage Lakes Drive
Akron, Ohio 44319
330-253-3337 [voice]
330-253-4131 [facsimile]

Attorney for Plaintiff
THEQUANTUMGROUP, LLC



BLAKEMORE, MEEKER &
BOWLER CO., L.P.A.
ATTORNEYS AT LAW
495 PORTAGE LAKES DRIVE
AKRON, OHIO 44319
TEL: (330)253-3337
FAX: (330)253-4131